# United States Court of Appeals
# for the Fifth Circuit

No. 22-60025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2023

Lyle W. Cayce
Clerk

Delmi Guevara-De Rivera; Kevin Isaac Guevara-Rivera; Yesli Adeli Guevara-Rivera; Yuri Roxana Guevara-Rivera,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 421 259
Agency No. A209 421 260
Agency No. A209 421 261
Agency No. A209 421 262

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60025

Delmi Guevara-De Rivera, and her three minor children Kevin Isaac Guevara-Rivera, Yesli Adeli Guevara-Rivera, and Yuri Roxana Guevara-Rivera, all natives and citizens of El Salvador, petition for review of the denial by the Board of Immigration Appeals (BIA) of their motion to reopen the removal proceedings for which Guevara-De Rivera was present. We review the BIA's legal conclusions de novo and the BIA's denial of a motion to reopen for abuse of discretion. *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019).

We have expressly rejected the petitioners' arguments on review that a notice to appear without the date and time of the removal hearing deprives the immigration court of jurisdiction or is otherwise defective outside of the in-absentia or stop-time rule context. *See Garcia v. Garland*, 28 F.4th 644, 646-48 (5th Cir. 2022). Thus, we need not address their arguments regarding equitable tolling. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). We lack jurisdiction to review the petitioners' challenge that the BIA erred in failing to exercise its sua sponte authority to reopen their case. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019).

The petition for review is therefore DENIED in part and DISMISSED in part.